UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL W. KUZMA,

    Petitioner,

v.

    Case No. 1:15-cv-1130

    Hon. Hala Y. Jarbou

SHERMAN CAMPBELL,

    Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. On December 7, 2020, the magistrate judge entered a Report and Recommendation (R&R) recommending that the Court deny Petitioner's application for relief and deny a certificate of appealability. (*See* R&R, ECF No. 37.) The Court granted Petitioner two extensions of time to file objections, making his objections due on March 21, 2021. On Monday, March 29, 2021, the Court adopted the R&R because Petitioner apparently had not filed timely objections. That same day, the Court entered a judgment denying the petition. Unbeknownst to the Court, however, Petitioner's objections had arrived at the Clerk's office the previous Friday, March 26, 2021. Before the Court is Petitioner's motion for reconsideration (ECF No. 46), asking the Court to consider his objections. The Court will grant the motion, construing it as a motion for relief from judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Upon review, however, the Court will overrule Petitioner's objections and adopt the R&R.

# I. RELIEF FROM JUDGMENT

In his motion for relief from judgment, Petitioner provides evidence that he timely filed his objections. The Court received them on March 26, 2021, but he submitted them for mailing on March 15, 2021. (*See* ECF No. 46-1.) Under Sixth Circuit precedent, a document is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Thus, Petitioner timely filed his objections on March 15, 2021. Accordingly, the Court will grant relief from judgment in order to consider those objections.

# II. OBJECTIONS TO R&R

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## A. Counsel of choice

Petitioner first objects to the Michigan Court of Appeals' summary of the facts regarding his claim that he was denied counsel of choice. As discussed in the R&R, Petitioner asked to substitute counsel on the first day of his trial. The magistrate judge determined that the Court of Appeals made a reasonable determination of the facts and that "Petitioner has not and cannot cite any Supreme Court authority holding that a trial court's discretionary denial of a request for new counsel of the day of trial violates Petitioner's constitutional right to counsel of his choice." (R&R 7, 12.)

Petitioner contends that the Court of Appeals unreasonably determined that the jurors were assembled and that the parties were ready to proceed when Petitioner asked to substitute his counsel. Petitioner contends that, in fact, he was not ready to proceed, and neither was his attorney. Petitioner

also contends that there is no evidence that the jury was ready to proceed. However, the Court of Appeals was likely referring to the circuit court's statements that "We've got a panel—two panels of jurors sitting outside here right now" and that "we're ready to go today and we are going to proceed today as is." (*See id.* at 9.) Moreover, the trial did, in fact, start that day by picking the jury. And Petitioner's attorney did not indicate that he was not prepared to proceed; he only stated that Petitioner believed counsel was not prepared to do so. (*Id.* at 8.) In light of that record, the Court of Appeals' factual determination was not unreasonable. *Cf.* 28 U.S.C. § 2254(d)(2) (permitting relief where the state court's decision "was based upon on unreasonable determination of the facts in light of the evidence presented at the state court proceeding").

In addition, the Court agrees with the magistrate judge that the trial court did not prevent Petitioner from presenting his dissatisfaction with counsel. The trial court interrupted Petitioner after he diverted from his complaints about counsel to make a frivolous request for dismissal of the charges against him due to the 180-day rule. (*See* R&R 8-9.) The request was frivolous because Petitioner's counsel had already filed a motion requesting that relief and the court had denied it the day before. (*See* 5/14/2012 Mot. Hr'g Tr. 22, ECF No. 24-5.)

Furthermore, as noted in the R&R, Petitioner's claim fails because he does not cite any Supreme Court authority holding that a trial court's discretionary denial of a defendant's request to substitute counsel on the first day of trial violates the defendant's constitutional right to counsel of his choice. Consequently, he has not shown that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court." *See* 28 U.S.C. § 2254(d)(1). Indeed, Petitioner himself acknowledges the omission of such a citation. (*See* Pet'r's Objs. 8, ECF No. 44.) He attempts to escape that omission by claiming that the R&R does not rest on Supreme Court authority holding that "a trial court's discretionary denial

3

of a request for new counsel on the day of trial **does not** violate Petitioner's constitutional right to counsel of choice." (*Id.* at 8-9.) However, it is Petitioner's burden to show that he is entitled to relief. It is not the Court's or the Government's burden to show that his constitutional rights were *not* violated. Petitioner has not met his burden. Accordingly, Petitioner's claim that he is entitled to relief because the state court denied him his constitutional right to counsel of choice is meritless.

### B. *Brady* violation

Petitioner claims that the prosecution withheld material impeachment evidence for two witnesses, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963): a jailhouse informant and the victim.

#### 1. Jailhouse informant

According to the R&R, the Michigan Court of Appeals reasonably determined that the evidence withheld regarding jailhouse informant Scott Mihelsic's criminal history was publicly available and was not material to the outcome of Petitioner's case; thus, the court of appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law. (R&R 19.)

Petitioner objects that the Michigan Court of Appeals cited *People v. Cox*, 709 N.W.2d 152 (Mich. Ct. App. 2005) in support of its *Brady* analysis. According to Petitioner, *Cox* "was overruled and is not binding." (Pet'r's Objs. 10.) It is true that *Cox* included a diligence requirement in its test for a *Brady* violation and that the Michigan Supreme Court subsequently eliminated that requirement in *People v. Chenault*, 845 N.W.2d 731 (Mich. 2014). However, the Michigan Court of Appeals relied on the materiality requirement in Petitioner's case, and it recited the proper standard for evaluating whether evidence is material to the outcome of a criminal proceeding. The court did not rely on the diligence requirement. Thus, the citation to *Cox* did not result in any error.

4

Next, Petitioner objects to the Court of Appeals' conclusion that the jailhouse informant's criminal history was not material because it was cumulative of other evidence used at trial to attack the informant's credibility. However, Petitioner fails to show that the Court of Appeals' decision was an unreasonable application of clearly established law. Indeed, the R&R explains that Petitioner's claim is analogous to one raised and rejected in *Brooks v. Tennessee*, 626 F.3d 878 (6th Cir. 2010). (*See* R&R 18-19.)

### 2. Victim

The magistrate judge also determined that the Court of Appeals reasonably concluded that there was no *Brady* violation (and no viable claim for ineffective assistance of counsel) for the prosecutor's failure to disclose (and counsel's failure to investigate and use) the victim's juvenile record and the existence of an investigation into the victim's alleged criminal sexual conduct. The Michigan Court of Appeals noted that neither the victim's juvenile record nor the investigation were admissible at trial; thus, Petitioner was not prejudiced by the prosecutor's failure to disclose this information or his attorney's failure to discover it. (*See* R&R 19.) Petitioner offers several reasons why he believes the Court of Appeals erred regarding the admissibility of this evidence, but as noted in the R&R, this Court does not have authority to challenge a state court's interpretation or application of its own law. The state court's decision on that issue is binding on this Court. Thus, Petitioner's objections are meritless.

### C. Ineffective assistance of counsel

#### 1. Failure to appear at motion hearing

Petitioner's counsel did not appear at a hearing on a motion to compel Petitioner's medical records from a third party. Those records were relevant to show that Petitioner had HIV/AIDS when he sexually penetrated the victim, though at trial, Petitioner stipulated that he contracted HIV

5

in 1994 and was diagnosed with AIDS in 2009 (before the charged incident), and that he was aware of his condition.

The Michigan Court of Appeals examined counsel's failure to appear under the standard for ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984), rather than the standard for deprivation of counsel at a critical stage of the proceedings in *United States v. Cronic*, 466 U.S. 648 (1984), finding that Petitioner's claim was meritless because he was not prejudiced by counsel's absence at the motion hearing.

The Court agrees with the magistrate judge that the Michigan Court of Appeals' decision not to apply *Cronic* to the facts of Petitioner's case was not an unreasonable application of clearly established law because no Supreme Court decision has held that a hearing on a motion to compel evidence from a third party is a critical stage of criminal proceedings. And for the reasons discussed in the R&R and in *McNeal v. Adams*, 623 F.3d 1283 (9th Cir. 2010), there is good reason to think that the hearing in Petitioner's case was not a critical stage. Petitioner faults the R&R for relying on *McNeal* as persuasive precedent because that case is not a Supreme Court case. As discussed above, however, it is Petitioner's burden to show that the state court's decision was contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court. Though not a Supreme Court decision, the *McNeal* opinion is relevant because it indicates that Petitioner cannot make the required showing.

### 2. Stipulation about Petitioner's HIV/AIDS condition

Petitioner argues that his attorney should not have stipulated to his HIV/AIDS status. The magistrate judge noted that counsel's "actual motivation" for this stipulation "is not expressed in the record," but concluded that there a "conceivable reasonable trial strategy" for counsel's decision; consequently, counsel's conduct was not unreasonable under *Strickland*. (*See* R&R 33-34.) Petitioner contends that the magistrate judge ignored evidence of his attorney's actual

6

motivation for the stipulation; however, the evidence to which Petitioner refers is his attorney's answers to interrogatories in connection with Petitioner's civil litigation against his attorney. (*See* ECF No. 24-22, PageID.1657.) Petitioner did not present this evidence to the state court before it denied his motion for relief from judgment. Instead, he presented it for the first time on appeal from that decision. As discussed in the R&R, this Court's review is limited to the record before the state court when it made its decision. (*See* R&R 32 n.8.)

Even if the Court were to consider Petitioner's additional evidence, it would not save his claim. Petitioner's attorney stated:

> At the time [Kuzma] decided to sign the stipulation I was convinced that the prosecution was prepared to introduce evidence sufficient to conclusively establish that Mr. Kuzma was diagnosed with HIV in 1994 and with AIDS in 2009. See pages 3 and 4 of volume two of the trial transcript.
>
> Until such time as I was convinced of this fact I was prepared to attempt to contest the prosecution's claims in this regard. However, as I recall Kuzma testified at trial that he had informed Mr. Wilson and other employees that he was HIV positive and that he had been diagnosed with AIDS.

(ECF No. 24-22, PageID.1657.)

The trial record contains ample evidence supporting counsel's belief that the prosecutor could offer evidence to establish that Petitioner had AIDS. For instance, at a preliminary examination hearing on November 2, 2011, a probation agent testified that Petitioner told him that Petitioner had been diagnosed with AIDS in 1998 (ECF No. 24-2, PageID.489); at another preliminary examination hearing on February 16, 2012, a prison officer testified that Petitioner told him that he had contracted AIDS in 1994 (ECF No. 24-3, PageID.501); at trial, the prosecutor alluded to witnesses who would testify that they were aware that Petitioner had AIDS in 2007 and 2008, before the date of Petitioner's offenses (ECF No. 24-7, PageID.660); after Petitioner entered his stipulation, the prosecutor decided not to call those witnesses (ECF No. 24-8, PageID.802);

7

and when Petitioner took the stand in his defense, he acknowledged that he knew he had AIDS before the date of the charged offenses (ECF No. 24-9, PageID.1015).

Petitioner has provided affidavits from two of his former employees who state that Petitioner "informed all workers of his medical status . . . [and] was always upfront and forthright with everyone about his medical HIV status." (Miller Aff., ECF No. 15-1, PageID.221; David Kuzma Aff., ECF No. 15-1, PageID.223.) In other words, several individuals could have testified that Petitioner told them he had HIV/AIDS.

Based on the foregoing facts, Petitioner's attorney reasonably concluded that the prosecutor could prove that Petitioner had AIDS. The R&R discusses reasons why stipulating to that fact was reasonable in these circumstances. The Court discerns no error in that analysis.

### 3. Meaningful adversarial testing

The magistrate judge also properly determined that counsel's strategy to focus on the fact of penetration, if successful, would have resulted in acquittal of all the charges against Petitioner, including the charge of sexual penetration with an uninformed partner. Clearly, penetration is one of the elements of sexual penetration with an uninformed partner. Accordingly, Petitioner's attorney did not fail to defend against that charge as Petitioner contends.

Petitioner accuses the magistrate judge of engaging in "unfounded" speculation that counsel's focus on the fact of penetration rather than Petitioner's HIV/AIDS status was a matter of strategy rather than something else. (*See* Pet'r's Objs., PageID.2111.) However, as explained in the R&R, "*Strickland* . . . calls for an inquiry into the *objective* reasonableness of counsel's performance, not counsel's subjective state of mind." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (emphasis added). It is Petitioner's burden to defeat the "'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" *Id.* at 109 (quoting *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003)). Petitioner did not

meet that burden; thus, the magistrate judge properly determined that counsel's choice was strategic.

Petitioner also objects to the magistrate judge's analysis of Petitioner's claim that his attorney did not adequately investigate and call Isaac Miller, who claims he heard Petitioner tell the victim and the victim's mother that Petitioner was HIV positive. In support of his petition for habeas relief, Petitioner offered an affidavit from Miller, ostensibly signed in 2015. (*See* Miller Aff., ECF No. 15-1, PageID.219.) Notably, six other individuals (including Petitioner) who were also present when Petitioner purportedly made this statement testified at trial, but none of them testified that Petitioner revealed his HIV status to the victim before the offense.

Petitioner challenges several factual assertions made by the magistrate judge that call into question the veracity of Miller's affidavit, yet Petitioner never challenges the legal conclusion that Petitioner suffered no prejudice as a result of counsel's failure to investigate or call Miller because the trial court would have excluded Miller's testimony as hearsay. (*See* R&R 39-41.) That conclusion is sound and is not affected in any way by Petitioner's objections to the magistrate judge's factual assertions.

Moreover, the Court finds it remarkable that Petitioner and several of the individuals who were purportedly present when Petitioner disclosed his HIV status to the victim testified at trial but did not testify about the disclosure. Petitioner complains that he cannot question his trial attorney as to why his attorney did not ask Petitioner or these witnesses about such a disclosure; however, Petitioner understood that the issue was relevant to the offense of penetration with an uninformed partner. He could have discussed the issue with his counsel at trial and asked his attorney to raise the issue. Apparently, he did not do so, which further calls into question the validity of Petitioner's evidence.

9

In short, the Court discerns no error in the resolution of Petitioner's claim as set forth in the R&R.

**D. Ineffective assistance of appellate counsel**

The magistrate judge concluded that Petitioner's claim of ineffective assistance of appellate counsel is meritless because the issues appellate counsel should have raised lack merit. (R&R 42.) The Court agrees with this conclusion. Petitioner reiterates arguments regarding counsel's failure to investigate or call Miller as a witness, but that claim of ineffective assistance is meritless for the reasons discussed in the R&R.

**E. Motion to stay**

Petitioner asked the Court to stay the proceedings so that he could exhaust an additional claim based on "newly discovered" evidence that the prosecutor purportedly threatened and coerced Mihelsic to lie about whether he received a benefit from the prosecution in exchange for his testimony. The magistrate judge concluded that a stay was not warranted because Petitioner's claim was untimely. Petitioner did not demonstrate that the "factual predicate" for his claim could not have been "discovered through the exercise of due diligence" prior to November 2, 2019, as required by the statute of limitations in 28 U.S.C. § 2244(d)(1)(D). That conclusion is correct.

Petitioner objects that he has satisfied the requirement for due diligence in 28 U.S.C. § 2244(d)(1)(D). He contends that he did all that he could under the circumstances as a prisoner without financial resources, and that he hired a private investigator to obtain this evidence only after obtaining a $1,000 judgment against his brother. Apart from these details, however, Petitioner merely asserts that he "diligently sought out help from anyone who[] would listen." (Pet'r's Objs., PageID.2124.) Being a prisoner without financial resources is not sufficient to demonstrate that a duly diligent person in Petitioner's circumstances could not have discovered the factual predicate for his claim. Petitioner provides no further detail to explain what he did for

the five years while his petition was pending in this Court to uncover the basis for his claim. As explained in the R&R, it is Petitioner's burden to make the requisite showing of diligence. *See Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). He has not satisfied that burden. For similar reasons, he is not entitled to equitable tolling.

Petitioner also argues that his claim is timely because it "relates back" to his claim that the prosecution withheld evidence in violation of *Brady*. Petitioner is mistaken. Rule 15(c)(1) of the Federal Rules of Civil Procedure creates an "exception" to the statute of limitations. *Hill v. Mitchell*, 842 F.3d 910, 922 (6th Cir. 2016). "'[W]hen a prisoner files an original petition within the one-year deadline, and later presents new claims in an amended petition filed after the deadline passes, the new claims relate back to the date of the original petition if the new claims share a "common core of operative facts" with the original petition.'" *Id.* (quoting *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011), and *Mayle v. Felix*, 545 U.S. 644, 650 (2005)); *see* 28 U.S.C. § 2242 (providing that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions"). Under Rule 15(c)(1), an amendment relates back when it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" If a petition raises a new claim that does not relate back, the AEDPA's statute of limitations bars consideration of the new claim. *Mayle*, 545 U.S. at 656-57.

New claims do not relate back simply because they arise from the same "trial, conviction, or sentence" as the original petition. *Hill*, 842 F.3d at 922 (quoting *Mayle*, 545 U.S. at 663-64). New claims relate back when they arise from the "same core facts," as opposed to "events separate in 'both time and type' from the originally raised episodes." *Mayle*, 545 U.S. at 657 (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)).

Petitioner's new claim, as presented in his motion to stay, is based on the prosecutor's purported coercion and presentation of false testimony by Mihelsic. (Mot. to Stay, ECF No. 36, PageID.2016.) It is not based on the same core facts as Petitioner's *Brady* claim, which asserts that the prosecutor failed to disclose Mihelsic's criminal history before trial. The two incidents are separate in both time and type. Unlike claims that have been held to satisfy the relation-back rule, Petitioner's new claim does not "clarif[y] or amplif[y]" the *Brady* claim he raised in his petition. *See Hill*, 842 F.3d at 924. Accordingly, Petitioner's earlier claim does not render his new one timely.

Finally, even if the new claim was timely, the Court would not grant a stay because the new claim does not warrant relief. Assuming the prosecutor obtained and presented false testimony from Mihelsic, Petitioner must show that the "false testimony could in any reasonable likelihood have affected the judgment of the jury." *Brooks v. Tennessee*, 626 F.3d 878, 895 (6th Cir. 2010). As discussed in the R&R, the state court found that evidence of Mihelsic's criminal history did not support a *Brady* claim because it was cumulative of other evidence impeaching Mihelsic's credibility. (R&R 17-19.) The same is true of evidence that Mihelsic purportedly received a benefit for his testimony. Indeed, Mihelsic admitted at trial that he reached out to several individuals asking for a benefit in exchange for testimony against Petitioner. And he also presented inconsistent testimony about whether he did so, denying it and then acknowledging it. Furthermore, as Petitioner acknowledges, Mihelsic has not recanted the most important part of his testimony, which is that Petitioner made incriminating statements to him.

### F. Certificate of Appealability

The R&R recommends denying a certificate of appealability. The Court agrees with that analysis except with respect to Petitioner's request to stay the proceedings so that he can amend

his petition. Reasonable jurists would find it debatable whether Petitioner's proposed claim is timely or viable. Thus, the Court will grant a certificate of appealability as to that issue only.

### III. CONCLUSION

In short, the Court will grant Petitioner's motion for relief from judgment in order to consider Petitioner's timely objections to the R&R. After considering those objections, the Court will adopt the R&R in full, except with respect to its recommendation to deny a certificate of appealability on all claims. The Court will grant a certificate on that issue only.

An order and judgment will enter consistent with this Opinion.


Dated: July 7, 2021                     /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        UNITED STATES DISTRICT JUDGE